MARGARET YINGLING, and EPHRAIM YINGLING, her husband *vs.* HENRY H. MILLER, and others, Trustees of the GERMAN AND ENGLISH EVANGELICAL LUTHERAN CONGREGATION OF MANCHESTER, IN CARROLL COUNTY.

*Construction of Will—Uncertainty of Beneficiary—Void devise for Charitable uses—Statute of 43 Eliz., ch. 4— Construction of Act of 1888, ch. 249, sec. 305 A., (sec. 315 of Art. 93 of the Code.)*

The Act of 1888, ch. 249, sec. 305 A, (sec. 315 of Art. 93 of the Code,) provides that "No devise or bequest of real or personal property for any charitable uses shall be deemed or held to be void by reason of any uncertainty with respect to the donees thereof, provided the will or codicil making the same shall also contain directions for the formation of a corporation to take the same; and within the period of twelve calendar months from the grant of probate of such will or codicil, a corporation shall

Yingling *vs.* Miller, *et al.*

be formed, in correspondence with such directions capable and willing to receive and administer such devise or bequest.'' A testator who died in the year 1891, left a will executed in the year 1883, which contains the following provision: ''I give, devise, and bequeath unto my daughter M. my other farm * * * as described in a deed * * * to her, my said daughter, during her natural life, upon the condition that she pay to the trustees or church council of the E. L. Church in Manchester, Carroll County, the sum of three hundred dollars, * * * * in trust for the express use and benefit of the needy poor of said church or congregation, and to be by them judiciously applied or appropriated to the express use aforesaid until fully exhausted, and after her death to her children then living,'' &c. HELD:

1st. That the condition annexed to said devise was void, because the beneficiaries who were to receive the bounty of the testator were not designated with the clearness and precision required by the settled law of Maryland.

2nd. That there is nothing in sec. 305 A, of the Act of 1888, which justifies the conclusion that the Legislature intended thereby to set aside unconditionally the long established policy of this State in regard to charitable bequests and devises, and practically to enact here the Statute of 43 Eliz. ch. 4, generally known as the "Statute of Charitable Uses."

3rd. That the conditions under which the old rule in Maryland as to uncertainty in the gift was intended to be abolished by said Act were not complied with in this case, as the testator gave no directions whatever in his will for the formation of a corporation, and does not appear to have made any effort towards either a literal or substantial compliance with the law.

APPEAL from the Circuit Court for Carroll County, in Equity.

A bill was filed in this case by Margaret Yingling and her husband, to obtain a construction of the will of one Henry Tasto, who died in Carroll County, in the month of November, 1891. The Court (JONES and ROBERTS, J.,) differed in opinion, and in accordance with the wish of counsel that there should be an order dismissing the bill, that an appeal might be taken,

such order was passed, and the complainants appealed therefrom. The case is stated in the opinion of this Court.

The cause was argued for the appellants before ALVEY, C. J., ROBINSON, BRYAN, FOWLER, PAGE, MCSHERRY, and BRISCOE, J., and submitted on brief for the appellees.

*James A. C. Bond,* for the appellants.

*William H. Thomas,* and *Joseph M. Parke,* for the appellees.

FOWLER, J., delivered the opinion of the Court.

This appeal involves the construction of the will of the late Henry Tasto of Carroll County, in this State, and the particular clause involved is as follows: "I give, devise and bequeath unto my daughter Margaret (intermarried to Ephraim Yingling) my other farm, * * * as described in a deed, &c., * * * to her, my said daughter, during her natural life, upon the condition that she pay to the Trustees (or Church Council) of the Emmanuel Lutheran Church, in Manchester, Carroll County, the sum of three hundred dollars, * * * in trust for the express use and benefit of the needy poor of said Church or congregation, and to be by them judiciously applied or appropriated to the express use aforesaid until fully exhausted, and after her death, to her children then living, (if any,) share and share alike, and if none," then over.

It is contended by the appellants that the condition annexed to the foregoing devise is void, because the beneficiaries who were to receive the bounty of the testator are not designated with such clearness and precision as is required by the well settled law of Maryland.

And this contention is based upon a long line of decisions of this Court, beginning with the case of *Dashiel vs. The Attorney-General*, 5 *H. & J.*, 392. In the case just cited it was held that the Statute of 43 Elizabeth, ch. 4, generally known as the "Statute of Charitable Uses," was not in force in this State, and that "independent of that statute a Court of chancery cannot, in the exercise of its ordinary jurisdiction sustain and enforce a bequest to charitable uses, which if not a charity, would on general principles be void." It was accordingly held in that case, and was never disputed in this State, until the passage of the Act of 1888, ch. 249, that a charitable bequest, like the one we are now considering, cannot be sustained or administered in a Court of equity, and must, therefore, be declared void.

But it is contended on the part of the appellees, and was so held by a divided Court below, that section 305 A of the Act just mentioned, effectually removes all difficulty, and makes this bequest valid. We regret we cannot agree to this view, for the object of the testator was certainly a most worthy one.

The section relied on by the appellees is as follows: "No devise or bequest of real or personal property for any charitable uses shall be deemed or held to be void by reason of any uncertainty with respect to the donees thereof, provided the will or codicil making the same shall also contain directions for the formation of a corporation to take the same; and, within the period of twelve calendar months from the grant of probate of such will or codicil, a corporation shall be formed in correspondence with such directions, capable and willing to receive and administer such devise or bequest." Now, remembering the settled law of this State, prior to the legislation of 1888, namely, that this bequest would have been void for uncertainty, notwithstanding there is no uncertainty as to the designation of the trustee, can we assume that the Legislature intended, by the language

just quoted, to set aside entirely the long established policy of this State in regard to charitable bequests and devises, and practically to enact here the Statute of Elizabeth ?    We find nothing in section 305 A which, we think, will justify us in concluding the Legislature intended to make such a radical change.    Indeed, if such had been the object it could have been fully effected by the general language used in the first part of the section, namely, "No devise or bequest   *   *   *   to charitable uses shall be held void by reason of any uncertainty with respect to the donees thereof." Standing alone, this part of the section would, undoubtedly, have given effect to the bequest in this case.    But if the language we find in the clause which immediately follows, is to have any force,—and we must give it its full force and effect,—it is difficult to do otherwise than conclude there was no intention to abolish unconditionally and absolutely the old rule in Maryland as to uncertainty. In the case of *Chase and Postell, et al. vs. Stockett and Ridout, &c.,* 72 *Md.,* 239, we said that it was the purpose of the Legislature in passing the Act of 1888, ch. 249, to abolish this rule *under certain conditions,* and the question therefore is, whether the conditions prescribed by the proviso, have been complied with in this case.

In *Chase and Postell vs. Stockett and Ridout, supra,* we held that the conditions had been substantially complied with, because the testatrix in her will authorized and empowered certain trustees to become a body corporate, and to make rules and regulations or by-laws for the better government of the "Home" which she wished to establish.    But here the testator gave no directions whatever in his will for the formation of a corporation, and does not appear to have made any effort towards either a literal or substantial compliance with the law. It was urged, however, on the part of the appellees that inasmuch as the intention of the testator is clearly expressed

that his daughter and devisee shall pay the money mentioned in his will to an incorporated church, already in existence, for the use and benefit of its needy poor, that the conditions imposed by the law have been substantially complied with, because the corporation named is willing and capable to receive and administer the trust.

Such a trust, however, as we have said, has always in Maryland been held absolutely void upon the express grounds of the uncertainty of the beneficiaries and the impossibility of designating them. Now, it cannot be said, there is any thing in the Act of 1888, ch. 249, section 305 A which removes this uncertainty, for that is inherent in the language of the testator. And who are or constitute the needy poor of a church, a parish, or a city, is as difficult and impossible to ascertain as before the Act was passed. In fact the Legislature has not attempted to make a bequest certain which was uncertain, but it has declared that such bequests shall be valid notwithstanding any uncertainty therein provided, however, the testator shall proceed in accordance with the Act. This appellee corporation cannot be said, therefore, to be more capable in fact of administering the trust in question now than before the Act was passed, and it cannot be said to have been made legally capable, by virtue thereof, because, as we have said, the testator has failed to comply with the provisions of the proviso.

If the bequest here should be supported the result would be, in our opinion, the practical repeal of a very important part of the Act of 1888, and the enactment of the Statute of Elizabeth.

We cannot assent to a construction which will lead to such results, and our conclusion is that the order appealed from must be reversed, and the cause remanded, in order that a decree may be passed in accordance with the views here expressed.

*Decree reversed, and*
*cause remanded.*

(Decided 14th March, 1893.)