## EDWIN T. DICKERSON *vs.* HENRY C. KIRK ET AL.

*Religious Societies—Adverse Possession—Mistake in Decree.*

When the legislative sanction has not been given to a conveyance of land to a religious society, as is required by the Declaration of Rights, Art. 38, but the society has been in undisturbed possession of the land for more than forty years, it has obtained a valid title thereto by adverse possession, and may require a purchaser to accept the same.

Where the contract was for the sale of leasehold property and the decree, passed upon a bill for specific performance against the purchaser, by a mistake of the draughtsman, requires the plaintiff to convey the land to the defendant, his heirs and assigns in fee simple, the cause will be re- manded to the lower Court to the end that the mistake may be cor- rected.

*Decided April 3rd, 1907.*

Appeal from the Circuit Court of Baltimore City (NILES, J.)

The cause was submitted to the Court on briefs by:

*Hyland P. Stewart,* for the appellant.

*J. Wilson Leakin,* for the appellee.

BOYD, J., delivered the opinion of the Court.

This is an appeal from a decree requiring the appellant to pay the balance of purchase money due for a property situated at the corner of Falls and Constitution streets in Baltimore City, purchased by him from the trustees of the Franklin Street Presbyterian Church. The property was conveyed to the church by the Methodist Sunday School Society of the North Baltimore Station, by a deed dated June 1st, 1863, and had been conveyed to that society by Abraham Silver and Charles Farringer by deed dated the 24th of May, 1841. The appellant alleged, and it is not denied, that neither of those grantees obtained the sanction of the Legislature for those conveyances, in accordance with the requirements of what is now Art. 38 of the Declaration of Rights (Art. 34 of Const. of 1776 and Art. 35 of that of 1851). Neither of the conveyances shows that it was for such purposes as exempted it from the effect of that provision of the Constitution, which has been, with some changes not affecting this case, in all of the Constitutions of this State, and under the decision of *Grove et al.* v. *Trustees, etc.,* 33 Md. 451, they were void.

But the evidence conclusively shows that since June 1st, 1863, the date of its deed, the trustees of the Franklin Street Presbyterian Church, which is a body corporate, has been in continuous, notorious, adverse and uninterrupted possession of the property—paying regularly the ground rent reserved thereupon and using the building as a Sunday School room until about three years ago, since which time it has paid taxes on it and rented the property out.

Under the recent decision of this Court in *Regents of Uni-*

*versity of Maryland* v. *Trustees of Calvary M. E. Church South*, reported in 104 Md. 635, where previous cases were cited and considered, there can be no doubt that the appellee has a good and merchantable title, by adversary possession. It has been in possession of the property for over forty-three years and there is nothing in the record to suggest anything that could in any way affect its title. Without deeming it necessary to repeat what we have said so recently concerning a similar title, involved in the case last cited, we would unhesitatingly affirm the decree of the lower court, but for an error in it to which our attention has been called, which is said to have been made by a mistake of the draftsman of the decree which was not noticed by the Judge who signed it.

It directs the plaintiff, upon payment of the balance of the purchase money with interest and costs, to convey by a good and sufficient deed, etc., "unto the said defendant and his *heirs and assigns in fee simple* the land and premises," etc., while in point of fact it is leasehold property, subject to an annual rent of $35.00. We will therefore remand the case without affirming or reversing the decree, so that the lower Court may correct the decree in that respect, which both parties have expressed their willingness to have done, if we reached the conclusion that the title was valid.

> *Cause remanded without affirming or reversing the decree, in order that it be corrected in accordance with the opinion of this Court, the appellant to pay the costs.*