# FRANK NOVAK

## *vs.*

## THE TRUSTEES OF THE ORPHANS' HOME IN BALTIMORE CITY, A BODY CORPORATE, ET AL.

*Wills: charitable bequests; void for uncertainty; effect of Act of 1888, Ch. 249; when valid to the corporation capable of taking; title by adverse possession. Construction of wills; intention of testator. Heirs: no presumption of death without—. Escheat.*

Before the passage of Ch. 249 of the Act of 1888, a charitable devise that was void for uncertainty could not be validated by the passage of any subsequent act creating a corporation to carry out the purposes of the devise.                    pp. 164-165

A devise by a testator of a certain house and lot described in the will to The Young Catholics' Friend Society of Baltimore City, for the purpose of establishing a children's aid society with one-third of all the testator's property for the support of said society, with the restriction that it should not be sold, is void, whether it be held as a trust, or as a direct gift to the Young Catholics' Friend Society, because in violation of the rule against perpetuities.                    p. 165

The Young Catholics' Friend Society, while essentially charitable in its nature, is not necessarily a religious corporation within the meaning of the Constitution.                    p. 165

Even before the enactment of Ch. 249 of the Act of 1888 a charitable devise to the "trustees of St. Patrick's School in Baltimore for the purpose of establishing a free school for boys and girls," where such a school was a corporate body, incorporated for educational purposes and perfectly capable of taking prop-

erty by bequest or devise, already in existence, was a valid de-
vise.                                                        p. 166

While the word "establish" most commonly means to found
or to bring into being, it may also be used to mean to place upon
a secure foundation or basis and to strengthen that which is
already in being.                            ·              p. 166

Where the intention of a testator can be given effect, with-
out doing violence either to establish legal principles or the
language used by the testator, courts will always carry out
their intent.                                ·              p. 166

A residuary clause, which leaves the balance of the testator's
property to the purposes elsewhere declared in the will, is void
in so far as the particular purposes so named are void.    p. 167

Where the legatees to whom invalid bequests have been made
have entered upon and exercised possession over the property so
devised, exclusively, openly, continuously and adversely for a
period (41 years) exceeding that necessary to give title by
adverse possession they acquire title by adverse possession; and
an otherwise valid contract of sale by such devisees may be
specifically enforced.                                     p. 168

The State alone can assert a right to property under and by
virtue of a claim of escheat.                              p. 168

The law does not presume that a person who is proved to
be dead left no heirs; where death only is proved there must
be some negative proof as to the existence of issue.       p. 168

*Decided March 19th, 1914.*

Appeal from the Circuit Court of Baltimore City. (DUFFY,
J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CON-
STABLE, JJ.

*John M. Requardt* (with whom was *Harry E. Parkhurst* on the brief), for the appellant.

*Thomas Foley Hisky* (with whom was *Michael A. Mullin* on the brief) for appellees.

STOCKBRIDGE, J., delivered the opinion of the Court.

The relief sought by the bill filed in this case is a decree for the specific performance of a contract of sale of two tracts of land in northeast Baltimore. Frank Novak, the defendant, the prospective vendee, objects to carrying out the contract on the ground that the appellees cannot give him a merchantable title, and that question presents the issue which the Court is now called on to determine. The property in question formerly belonged to James Dolan, who was a catholic priest. By his will executed in December, 1869, and proved in January, 1870, he attempted to dispose of it in the three following provisions:

> Item: I give and bequeath my house and lot on Gough street to the Young Catholics' Friend Society in the City of Baltimore in trust, not to be sold, for the purpose of establishing a Children's Aid Society. I also leave them one-third of all my property real, personal and mixed, for the support of the said society.

> Item: I give and bequeath one-third of my real estate *in trust* to the Trustees of the Orphans' Home in Baltimore City, with power and authority to lease said real estate, but not to sell the same, and to use the interest or income of said lease for the following purposes, for the support of the Orphan Boys and Girls belonging to St. Patrick's Parish, Fells Point, (whose parents died within the limits of said Parish) in some Catholic Orphan Asylum or at some Catholic School, said boys and girls to be kept at said Asylum or School until of twelve years of age and no longer and then to have said boys and girls bound or placed in some good Catholic families.

Item: I give one-third of my real estate to the Trustees of St. Patrick's School in the City of Baltimore for the purpose of establishing a regular Free School for boys and girls, perfectly free schools, and for no other object. In my bequests of real estate to the Orphans' Home in Baltimore City and to the Trustees of St. Patrick's School in the City of Baltimore the house and lot in Gough Street is not included, the said house and lot being bequeathed by a previous item to the Young Catholics' Friend Society in the City of Baltimore, nor is the ground rent on St. Michael's Church, in the City of Baltimore, of four hundred and twenty dollars, which has been previously disposed of in this will to be included in said bequest to said Young Catholics' Friend Society, said Orphans' Home or said St. Patrick's School in the City of Baltimore. All the rest and residue and remainder of my estate I give and bequeath one-third to "The Trustees of the Orphans' Home" in the City of Baltimore; one-third to "The Trustees of St. Patrick's School" in the City of Baltimore, and one-third to the "Young Catholics' Friend Society" in the City of Baltimore, to be used for the above-named purposes; I hereby authorize my executors hereinafter named to lease any real estate of which I may die possessed and execute good and sufficient deed or deeds for the same to any lessee or lessees who may agree to lease said property or any part thereof.

At the time when this will was admitted to probate three of the four intended beneficiaries were existing corporations. The Trustees of St. Patrick's School having been chartered by the General Assembly by the Act of 1845, Chapter 126; the Young Catholics' Friend Society by a certificate of incorporation dated March 30, 1848, and the Orphans' Home by the Act of 1860, Chapter 382. After the death of Father Dolan, by Chapter 205 of the Acts of 1872 a corporation was created under the name of the Board of Managers of the Dolan Children's Aid Society. That act, however, could have no effect towards validating the devise made for the purpose of establishing a Children's Aid Society as it was passed long

before the adoption of Chapter 249 of the Act of 1888, now codified as section 328 of Article 93 of the Code (1912), and there was no request or even suggestion contained in the will looking to the formation of a corporation for the purposes of carrying out the devise. *Yingling* v. *Miller,* 77 Md. 104. This intended legacy must therefore be held void. Even if it was to be treated as a gift directly to the Young Catholics' Friend Society, and to be regarded as constituting a trust or not according as the purposes contemplated in the devise were such as came directly within the corporate purposes for which the Young Catholics' Friend Society was chartered it must still be held void. Articles 8 and 9 of the charter of the Young Catholics' Friend Society set out the objects for which that corporation was formed and these were for the purposes of investigating the circumstances of indigent children and supplying them according to their needs with clothing, books, etc. No case has been cited, and it is doubtful if one could be, which attempts to define in precise terms the functions of such a society. It is an organization essentially charitable in its nature, but not necessarily religious within the meaning of the Constitution, and it is difficult to conceive purposes more likely to be a matter of aid to children than the supplying them with clothing and books, unless it be the furnishing them with food. The Young Catholics' Friend Society was therefore essentially a Children's Aid Society, and the devise, if it could be treated as made to that society, could not be regarded as in any manner creating a trust. The devise in the first of the clauses quoted above is however open to a far more serious objection in the fact that it is expressly provided that it shall not be sold, that is that the property is placed *extra commerciam,* thereby offending the rule against perpetuities. It was upon this precise ground that an intended gift in the will of Melissa Baker was held to be inoperative. *Trinity Church* v. *Baker,* 91 Md. 574. See also *Missionary Society* v. *Humphreys,* 91 Md. 131. This provision of the will accordingly cannot be sustained.

By the second clause quoted Father Dolan attempted to give one-third of his real estate to the Trustees of the Orphans' Home, in trust to use the income for the support of the orphan boys and girls of St. Patrick's Parish whose parents had died within the limits of that parish. The devise in this provision was to a corporation capable of taking, not for the use of the corporation, devisee, but for a fairly accurately designated class, with which the testator had become familiar through his long years of service as pastor of the Parish. The effect of this was therefore to create a trust, with beneficiaries none too clearly designated. But in this case again while the power was given to the trustee named to lease the property as a means of deriving revenue for the benefit of the trust there was an express and absolute inhibition on its sale. Thus it is open to the same objection as that which proved fatal to the devise made in the first clause of the will already considered, and this devise must therefore be held void.

The third clause was a devise of the one-third of the testator's real estate to the Trustees of St. Patrick's School in the City of Baltimore for the purpose of establishing a "regular free school for boys and girls, perfectly free schools and for no other object." The devisee was an incorporated body, incorporated for educational purposes and perfectly capable of taking property by bequest or devise. There was here no question of a trust, nor was there any attempt to limit the use or disposition of the property. It was an absolute devise to the corporation. Some criticism has been directed at the phraseology used of "establishing" a school when the school was already in existence, a fact which must have been known to the testator who was one of the incorporators of the school and who had by reason of his connection with the parish been deeply interested in its work. The word "establish" may have and be used with varying meanings, the most common of which is to found, or to bring into being, but it is also used to mean to place upon a secure foundation or basis, and hence to strenghten that which is already in being. *Davenport* v.

*Caldwell,* 10 S. C. 317; *State* v. *Rogers,* 107 Ala. 444. There can be no doubt as to what was the intention of the testator, and when that intention can be given effect, without doing violence either to established legal principles or the language used by the testator, Courts will always carry out that intent.

By the residuary clause the testator gave the balance of his estate to the three corporations previously named and the devises to which have been considered, but provided that the property passing under this clause of his will should be used for the purposes which he had previously named, and as two of the three devises were void, it follows that this provision in the residuary clause for these two must fail also. *Trinity Church* v. *Baker, supra.*

This leads to the following result: That apart from certain specific legacies given in clauses of the will anterior to those thus far considered, the provisions of the will were valid as to one third of his real estate, and one-third of the residue, but void as to the other two-thirds. From section 19 of the agreed statement of facts it appears that almost immediately upon the death of Father Dolan the several legatees named in his will entered into possession of the property given or attempted to be given to them respectively, and from that time to the present have continued to use the net income received from the said properties for the respective purposes set out in the will, or as it is expressed in the bill have been adversely, continuously, openly and exclusively in possession thereof, and this allegation is not denied by the answer. This allegation and the agreed statement of facts establishes therefore an exclusive, open, continuous, adverse possession of the property for a period of 41 years prior to the institution of these proceedings, or double the length of time requisite to give a valid title by adverse possession and therefore a title sufficient to warrant a decree for the specific enforcement of a contract for the sale of the property.

*Regents* v. *Calvary Church,* 104 Md. 635 ; *Dickerson* v. *Kirk,* 105 Md. 638; *Mills* v. *Zion Chapel,* 119 Md. 510.

The defendant below and appellant here makes in addition a somewhat unusual objection, that Father Dolan left no heirs, and that if the devises or any of them are void, as to all such, that the property has escheated to the State, and that as against the State there can be no title acquired by adverse possession. The latter portion of his proposition is undoubtedly true, but the State alone can assert a right to property under and by virtue of a claim of escheat, 11 *Am. & Eng. Ency. of Law,* 325, and it is at least doubtful whether such a contention as the appellant now sets up can be thus collaterally maintained. But it is not necessary to determine that question in the present case. It was laid down in this State more than half a century ago that "the law does not presume that a person who is proved to be dead left no heirs; where the death only is proved there must be some negative proof as to the existence of issue." *Hammond* v. *Inloes,* 4 Md. 138. The present record contains no proof whatever upon this matter, nor is there anything in the agreed statement of facts to supply the absence of such proof. It is laid down in some cases that after a great lapse of time without the appearance of claimants, abandonment or death of heirs will be presumed, but there does not seem to be any hard and fast rule as to the length of time which must pass to bring the rule into operation. In *Peterkin* v. *Inloes,* 4 Md. 175, a lapse of thirty-eight years was held insufficient to raise a presumption of escheat, and the additional three years which have elapsed in the present case can hardly be regarded as sufficient to change the presumption. Finding no error in the decree below it will accordingly be affirmed, but inasmuch as the terms of the will which gave rise to this litigation were such that no purchaser could safely take a title to the property without a decree of Court construing the will, the costs in this case will be directed to be paid by the appellees.

*Decree affirmed, the appellees to pay the costs.*