## McIlvaine Estate.

Argued September 27, 1943; reargued March 20, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*George R. Craig,* for appellant.

*Harry A. Jones,* with him *Edgar B. Murdoch* and *Lloyd O. Hart,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, May 22, 1944:
Testatrix bequeathed the sum of $10,000 in trust, with direction to pay the principal and accumulated interest to a home for aged persons when the Presbyterian

Church in the United States of America "shall establish a home for the aged at some point in Western Pennsylvania." The court below held that such a home as testatrix intended had not yet been established. Hence this appeal.

Nora I. McIlvaine died May 16, 1941, and by the eighth paragraph of her will, dated November 8, 1936, provided: "I give and bequeath to the Washington Union Trust Company, of Washington, Pa., the sum of Ten Thousand Dollars ($10,000.00) to be held by it in trust for the following uses and purposes, to wit: To invest the same on good security and to allow the same to accumulate until such time as the Presbyterian Church in the United States of America shall establish a home for the aged at some point in Western Pennsylvania, and if such a home is established, I direct that the Washington Union Trust Company shall pay the principal and accumulations to such a home for the aged. If, however, such home for the aged is not established within twenty years after my death, I desire and direct that the said Washington Union Trust Company shall pay the said sum of Ten Thousand Dollars and its accumulations to the Y.W.C.A. and Y.M.C.A. of Washington, Pennsylvania."

Appellant, the Presbyterian Association for the Care of the Aged and Orphans' resulting from the joint endeavors of the Presbyteries of Beaver, Blairsville, Butler, Erie, Kittanning, Pittsburgh, Redstone, Shenango, and Washington—all being Western Pennsylvania Presbyteries of the Presbyterian Church in the United States of America, was granted a corporate charter by the Court of Common Pleas of Allegheny County on January 25, 1928. In 1929, the Association acquired, by gift and purchase, a dwelling house and lot in Glenshaw, Allegheny County, which was extensively remodelled and dedicated as a Presbyterian Home for the Aged in November, 1930. It has been in active operation since that time. Recently there has been acquired, by gift, an adjacent property

so that appellant now has two dwellings and approximately one and one-half acres of land, free from debt. It also has a building fund of $27,000 and an endowment fund of $105,000. The original home accommodated nine persons. At the time of reargument before this Court counsel stipulated that the number of guests had increased to fifteen.

There is no evidence that testatrix knew of the existence of this home at the time her will was written, or thereafter. The lower court said: "Miss McIlvaine's will is dated November 23, 1936, but this paragraph was copied verbatim from an earlier one prepared in August of 1934, and *there is nothing to show that she knew anything of these plans, or that the Association was in existence* . . . Since the legacy provided for the establishment of a home by the Presbyterian Church in the United States of America, a good deal of testimony was adduced to show that this particular Association met that condition.

"This question need not be discussed for I am satisfied that the Association was established in accordance with the usual practice of the Presbyterian Church, is operating under its general jurisdiction, and that *so far as its church status is concerned it would be eligible to accept this legacy.*

"But at the present time we are not earmarking this fund as belonging to this or to any other particular body. From its present progress and plans, and the character of the Association's management, *I should say that it is very likely to qualify, but that is a matter for the future."* With reference to "establishing a home" by appellant, the court said: "It has an excellent start and the trustees are wise in proceeding carefully. *If this were at the expiration of the twenty-year period instead of its beginning, we might decide that the trust fund should be awarded to the exceptant as most nearly complying with the general intention of the testatrix, but we are not at that point."*

The court below holds that appellant *"has* 'established' a home within the usual meaning of the word, but not within the meaning of the will . . ."

"The word 'established' may have and be used with varying meanings, the most common of which is to found, or to bring into being, but it is also used to mean to place upon a secure foundation or basis, and hence to strengthen that which is already in being": *Novak v. Trustees of Orphans' Home,* 123 Md. 161, 90 A. 997, 999. It may also mean to originate and secure the permanent existence of, to found, to institute, or to create and regulate: *Pennsylvania Company v. Contributors to Pennsylvania Hospital,* 9 A.(2d) 269, 272 (R.I.) ; *Seagrave's Appeal,* 125 Pa. 362, 375. Careful consideration of the eighth paragraph of testatrix's will and the testimony adduced before the Orphans' Court evidence an intention to provide a gift to assist in the maintenance and support of a home established by the Presbyterian Church at some point in Western Pennsylvania. It is proper to assume from the evidence that she intended her gift to be for such a home, when and where established. For the reason that she was unaware of its existence, she wisely placed the amount in trust, the interest to accumulate thereon, with the direction to pay both principal and accumulations to such home when it was established. Realizing the possibility that a home might not be established within the period permitted by law for the accumulation of income, she named alternative beneficiaries.

The first object of testatrix's bounty was to provide a home for the aged, and it is reasonable to assume that had she known such a home as she had in mind was already established the gift would have been made direct to appellant. The twenty-year period is not a controlling factor in determining whether the home she had in mind was established. The gift is absolute and not restricted by any requirements with regard to size, the number of persons to be accommodated, and the assets of such home. That appellant's home was not established merely for

the purpose of securing the benefit of this gift is clear since it was organized and established prior to her decease. The fact that the home is small, in comparison with other well known institutions of a similar nature, does not negative its existence as an established institution. A majority of this Court are of opinion that, considering the terms of the will in their ordinary meaning, there being no reason appearing in the will for considering them in any other sense (*McGraw's Estate,* 337 Pa. 93), the court below properly said that appellant *"has* 'established' a home within the usual meaning of the word" but was in error in concluding as a matter of law "but not within the meaning of the will . . ."

Decree reversed and the trustee is directed forthwith to pay the principal and accumulated interest to the Presbyterian Association for the Care of the Aged and Orphans. Costs to be paid by appellees.