## ANDREW HECK vs. ERNEST REMKA.

### INJUNCTION. .

*Calls—Metes and bounds—Courses and distances—Bill for Injunction must make appear sufficient ground of relief.*

When a deed conveying land does not accurately describe the land intended to be conveyed, it is the duty of the grantee to tender to the grantor for execution a corrected or confirmatory deed.

A bill praying for an injunction must state a case which *prima facie* entitles the complainant to the relief prayed.

It is well settled law that in locating lands the *calls* always prevail over the *courses and distances*.

APPEAL from the Circuit Court for Baltimore County, in Equity.

On the 4th day of April, 1876, Ernest Remka filed on the equity side of the Circuit Court for Baltimore County, his bill of complaint against Andrew Heck, alleging that the appellee contracted to purchase of appellant 119 acres, 1 rood and 16 perches of land, for the sum of $3000, of which $1000 was paid in cash, and a mortgage given for $2000, payable at the time specified therein.

That the appellant showed to appellee the metes and bounds of said land before the purchase, and that he purchased the land on the representation of the appellant that the bounds so shown were the true bounds of the land so purchased.

That the lines of said tract of land as shown. were not the true lines of the land of the appellant, and that the lines so shown included several acres of land of other persons, and that the representation of the appellant, in

respect to said bounds were false and fraudulently made, and the representation of the appellant as to the number of acres in said tract, were also false and fraudulent. That the tract of land did not contain the number of acres represented by more than twenty-five, and that the appellee purchased the property solely on the representation of the appellant, and would not have bought the same if he had known the representations were false ; that he was prevented from ascertaining the true bounds of the land, and the correct number of acres, by the false and deceitful representations of the appellant.

The bill then prays that the appellant may be decreed to make to appellee a title by a good and sufficient deed for the land sold, or of the amount of land ascertained by actual survey, which is 119 acres, 1 rood and 16 perches, less 25 acres, being 94 acres, 1 rood and 16 perches, upon the payment of the balance of the purchase money on that last mentioned number of acres, and prayed for an injunction restraining appellant from proceeding to sell the land under the mortgage, or from transferring or assigning the mortgage and mortgage notes held by appellant as security for the balance of the purchase money. Whereupon the Court passed an order directing the clerk to issue the injunction, with leave to defendant to move its dissolution before answer filed, upon giving the notice therein required.

Afterwards, on the 8th day of May, 1876, the defendant filed his answer to the bill of complaint, and on the same day prayed an appeal from the *ex parte* decision of the Court issuing the injunction.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and ROBINSON, J.

*A. W. Machen,* for appellant.

The alleged fact upon which the claim for an injunction is based is *that the courses and distances in the deed of*

*conveyance*, which the appellee had taken from the appellant, do not embrace the whole land sold and actually in the appellee's possession. It is not pretended that the appellee has not, in fact, received possession under his conveyance of all the land, the boundaries of which the appellant pointed out to him ; nor that any claim of adversary title to any part of it has ever been set up by any third party ; nor that the appellant himself has ever disturbed or questioned his right to hold it. And it is not alleged that the appellee, upon discovery of the alleged error or misdescription in the deed, has ever tendered for the appellant's execution a corrected or confirmatory deed. The case of the complainant below is, that having received a deed of conveyance, presumptively prepared under his own direction, which spoke for itself, and having retained it and the *land* for *nine* years, and having been indulged by the appellant with a credit five years longer than he was entitled to upon one-third of the purchase money, he desires that the appellant may be enjoined from collecting the balance of consideration money due him, because the deed which the appellant executed at his request contains, or is supposed to contain, an error in the description—an error which has existed for nine years, and which it is not even alleged the complainant has only now discovered.

It is not alleged that the appellant had not, at the time of the sale, title to all the 119 acres, (and that he had title, the nine years enjoyment of the appellee under him is evidence,) nor that he has ever refused to execute any conveyance prepared and tendered for execution by the appellee. By common law it was the vendee's duty to prepare the deed originally ; and by the terms of the covenant in the executed deed, accepted by the appellee, all acts or deeds of further assurance are to be *devised* and *required* by the grantee, and made at his charge. See interpretation of the statutory form, Laws 1864, ch. 252.

Upon the complainant's own showing therefore, the appellant would be in no default until he refused to execute some proper deed, prepared under the complainant's direction, and the execution of which was required by the complainant.

The allegation (whether true or false in point of fact) "that your orator had repeatedly asked the said Heck *to make him a good title to the land so purchased,* as shown to your orator by said Heck, and by which showing he purchased, but the said Heck has refused to so do," does not come up to this requirement.

But the absence of all equity from the bill of complaint is yet more manifest upon a minute examination and comparison of the exhibits. The whole tract of land in question is made up of two contiguous parcels, separately described in the deed, (Exhibit B.) The alleged discrepancy between the courses and distances, and the actual bounds of the land is in the description of the second parcel. The beginning tree of this, (which is also the beginning of the first parcel,) is marked on the plat, Exhibit A. The first and second lines agree with the location on the plat. The third or N. $81\frac{1}{2}$ E., 23 perches line, calls to terminate at a chestnut oak ; the fourth line calls for a bounded Spanish oak. The course of the fourth line, as expressed in the deed, Exhibit B., reads *south,* $28\frac{1}{2}$ degrees west, 11 and 4-10 perches—an evident clerical mistake. The course really is *north,* $28\frac{1}{2}$ degrees west, as appears by the deed from Stump and wife to Heck, the appellant, a copy of which, (Exhibit A. H.,) is filed with the answer ; and this deed is *referred to* in Remka's own deed from Heck, Exhibit B. The original Stump deed, together with antecedent title deeds of the land, was delivered to the appellee at the time of his purchase, and has been ever since in his possession, so that nothing can be more disingenuous than his attempt to make a difficulty out of what he must know to be only an immaterial clerical error.

But, not to look beyond the very deed in question, and the appellee's exhibits filed with his bill, it is plain that the courses are controlled by the *calls*. All the lines with which we are concerned, have calls in fixed boundaries. That these boundaries exist, and are manifest on the ground, the *bill* shows, for the complainant states that they were pointed out to him by the appellant, and it further appears from the statements of the bill, that the black outlines indicated on the plat, are the lines marked by these boundaries. Therefore, the complainant's dotted line location of the tract, made in utter disregard of all the calls, and by course and distance merely, must be attributed either to gross ignorance of the principles of Maryland land law, or to a wilful disregard of indisputable facts. Truly located, the third line must run to the chestnut oak, which is called for as its end, and the next line, instead of running southward, so as to describe the ridiculous outlying triangle upon what seems to be George Lentz's land, runs to the bounded Spanish oak, and the next to the stone marked T. This last mentioned boundary is by name marked upon the plat, and yet the surveyor has, with strange obliviousness to the absurdity he is guilty of, altogether disregarded it in laying down what he is pleased to term " the lines as described in the deed." The Spanish oak and the chestnut oak are not in words shown on the plat, but their positions are sufficiently indicated, when the plat is looked at in connection with the deed, and with the allegation of the bill, " that said Heck, before and at the time of said purchase, went with your orator, and showed him the bounds of the land that he was about purchasing, which lines and bounds, so shown, are the *outlines and bounds of said plat,* filed herewith."

So that the case of the appellee, as set forth in his bill, is, when examined, found to be unsubstantial and frivolous, and from his own statement, it is evident that the

only object of the bill, was to delay the appellant's recovery of the balance of purchase money to which he was justly entitled.

As matter of law also the injunction, apart from the consideration of the actual want of all equity on the part of the complainant, was, as we respectfully submit, improvidently granted.

First. All the facts of which the appellee complains were as much within his knowledge as of the appellant's. The *deed* which he took, and to which he made no objection, even if he did not himself cause it to be prepared, as it is presumed he did, has been before his eyes for more than nine years, during all which time he has been in full enjoyment of the land. Everything else relating to the title is matter of record.

The same means and opportunity of investigating the title were equally open to both parties. *Tongue's Lessee vs. Nutwell,* 17 *Md.,* 230 ; and see *Cole vs. Hynes,* 46 *Md.,* 181 ; *Howard's Lessee vs. Moale,* 2 *H. & J.,* 249.

The law imputes to a purchaser knowledge of all facts, appearing at the time of his purchase upon the paper or record evidence of title, which it was necessary for him to inspect to ascertain its sufficiency. 2 *G. & J.,* 63 ; *Wilson's Lessee vs. Inloes,* 6 *Gill,* 152 ; *Kerr on Fraud,* 83, 299, 303 ; *Mayor & City Council of Baltimore vs. White,* 2 *Gill,* 444.

What is sufficient to put a purchaser on inquiry, is good notice, and where a man has sufficient information to lead him to a fact, he shall be deemed conusant of it. *Smoot vs. Rea,* 19 *Md.,* 412.

Secondly, not in this form, under any circumstances, was the complainant entitled to seek relief, after taking and retaining possession of the whole land sold him, and waiting till the mortgage debt was overdue.

The Code, Art. 64, sec. 15, also forbids the granting of an injunction upon such allegations as this bill contains.

*R. R. Boarman,* for the appellee.

The appellee holds that the allegations and case stated in the bill are sufficient to sustain the order directing the injunction to be issued.   4 *Howard,* (*Miss.,*) 435 ; 1 *Little,* 43 ; 9 *Alabama,* 772, 776.

BARTOL, C. J., delivered the opinion of the Court.

This is an appeal from an *ex parte* order of the Circuit Court for Baltimore County, granting an injunction, and its decision depends upon the sufficiency of the case stated in the bill of complaint to entitle the appellee to relief by injunction as prayed.

Without inserting here the several averments contained in the bill, it is sufficient to say that after a careful examination we are of opinion they do not present a case entitling the complainant to the injunction, and that the writ was issued improvidently.   The ground for relief stated is that the courses and distances in the deed of conveyance taken by the appellee from the appellant, do not embrace the whole land sold, the outlines of which had been shown to appellee by appellant, and which the latter stated were owned by him ; and further that a portion of the land embraced in said courses and distances (some two or more acres) is claimed by and in possession of George Lentz and has been in his possession for a great number of years.

It is not alleged that the appellee has not in fact received possession under his deed of all the lands, the boundaries of which the appellee pointed out to him.

Nor is it alleged that any part of it has ever been claimed by any other person, or that his possession of the same has ever been disturbed by the appellant or any one else.

The whole complaint of the appellee seems to grow out of a misdescription in the deed, which was accepted by him and under which he has held possession for nine years.

It is not alleged that the "appellee upon discovering the error, or misdescription in the deed, has ever tendered for appellant's execution a corrected or confirmatory deed."

The allegation that he "had repeatedly asked the said Heck to make him a good title to the land so purchased, as shown to him by Heck, and by which showing he purchased, but the said Heck has refused so to do," does not come up to the requirement of the law, it was his duty, if the description in the deed be erroneous, to have a new deed prepared containing a correct description, and tender it to the appellee to be executed.

The case of the complainant as it is very clearly and forcibly stated in the appellant's brief, is " that having received a deed of conveyance, presumptively prepared under his own direction, which spoke for itself, and having retained it, and the land for nine years, and having been indulged by the appellant with a credit five years longer than he was entitled to, upon one-third of the purchase money, he desires that the appellant may be enjoined from collecting the balance of consideration money due him, because the deed which the appellant executed at his request contains, or is supposed to contain an error, in the description—an error which has existed for nine years, and which it is not even alleged the complainant has only now discovered."

No argument or authority is required to show that there is no equity in the bill. In order to show the error in the description contained in the deed a plat is exhibited with the bill. It requires only a cursory examination of the deed and the exhibit to discover the manifest errors made by the surveyor in locating the deed. These grow out of a disregard of the established rules of land law, in making the locations from the courses and distances only, wholly disregarding the calls.

We deem it unnecessary to go into this subject, or to point out these errors. Nor is it necessary to refer to the Code, Article 64, section 15, or to consider whether by its terms the issuing of an injunction in a case of this kind is not prohibited. Without expressing any opinion thereon

we think, as before stated, that the bill does not present a case entitling the appellee to the relief prayed.    The order granting the injunction will be reversed, and the bill dismissed.

> *Order reversed, and*
> *bill dismissed.*

(Decided June 15th, 1877.)