## HARRIET L. HILL *vs.* CHARLES H. McCONNELL,
### ET AL. •

*Effect of Ratification of Tax Sale—Res Adjudicata—Description of Land Controlled by Calls—When Call for Adjoining Tract as Boundary is too Vague.*

Ordinarily, and as against persons not parties to the proceeding, the effect of the ratification of a sale of land for non-payment of taxes is merely to establish a *prima facie* title to the land in the purchaser, and to put upon any party assailing his title the burden of proof of the irregularity of the sale or its ratification.

When, however, a party claiming to be the true owner of land sold for taxes voluntarily comes into the Court to which the sale has been reported, and becomes a party to the proceeding by excepting to its ratification and appeals from the decree overruling his exception and ratifying the sale, he brings himself within the operation of the principle of *res adjudicata*, and is concluded by the result of the case.

The principles of *res adjudicata* extend not only to the matters which were decided in the former suit but also to those grounds of recovery or defense which might have been, but were not, there presented.

The line of an adjacent tract of land, if known and established at the time of the execution of a deed, may be treated as a call in the deed as well as a permanent object.

But a call iu a deed for an adjoining lot by a designation so vague and uncertain as to be incapable of definite ascertainment will not control the courses and distances mentioned in the deed.

A lot of ground sold for taxes was described as beginning at a certain point, also mentioned as the southeast outline "of a lot owner unknown," thence southwesterly along said lot eighty-seven feet, thence southeasterly twelve and a half feet to "a lot owner unknown," etc. *Held*, that this designation of "a lot owner unknown" is too vague and uncertain to control the courses and distances employed in the same description, and the lot sold must be treated as having the extent embraced within the courses and distances.

*Held*, further, that since the person claiming title to the part of the land sold for taxes by this description appeared in the tax case and excepted to the ratification of the sale, he is estopped by the decree in that case and cannot claim in this case that the description of the land was inaccurate, or that the courses and distances should be controlled by such uncertain calls, since he could have made this contention in the tax case.

*Decided November 21st, 1907.*

Appeal from the Circuit Court of Baltimore City (ELLIOTT, J.)

The cause was argued before BOYD, PEARCE, SCHMUCKER, BURKE and ROGERS, JJ.

*C. Alex. Fairbank, Jr.*, for the appellant.

*J. E. Tippett* (with whom was *R. B. Tippett* on the brief), for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court of Baltimore City dissolving a preliminary injunction and dismissing the bill of complaint on which the injunction had been granted. The bill was filed by the appellant, as plaintiff below, to restrain the defendants from entering, building upon or in any manner interfering with a strip of vacant ground in Baltimore City, which the plaintiff claimed to own. The appellees as defendants below answered the bill asserting title in themselves to the land in dispute and also setting up the defense of *res adjudicata.* The case proceeded in due course to a final hearing when the decree appealed from was passed. The vital questions in the case are whether the strip of land forms part of a lot recently sold for non-payment of taxes, and if so, whether the appellant is concluded by that sale.

It appears from the record that the plaintiff in 1890 acquired title to, and has ever since then owned, three contiguous lots of ground on the southwest side of Pennsylvania avenue. These lots taken together begin 253 feet five inches southeast from Laurens street and run northwesterly on the avenue 44 feet and 2 inches with an uniform depth of seventy-seven feet to a four foot alley and they are improved by the houses known as Nos. 1632, 1634 and 1636 Pennsylvania avenue. Each of the houses numbered respectively 1632 and 1634 covers the entire front of the lot on which it is built, but house No. 1636 does not cover the whole front of its lot, there being

a vacant strip of land along the entire length of its northwest side, about one foot and eleven inches wide, which is the bone of contention in the present case. The deed by which the plaintiff acquired title to her lots calls for an alley, to be left open for common use, eleven feet wide along the northwest side of the lot on which the house No. 1636 stands. The vacant strip therefore lies alongside of and immediately adjacent to the eleven foot alley which appears from the evidence to have been open and in use as an alley, both before and since the plaintiff purchased her lots, down until the tax sale of which we will speak hereafter.

On the opposite side of this so called eleven foot alley from the plaintiff's lots, William D. Gallagher owned a lot, also fronting on Pennsylvania avenue, the southeast side of which was 199 feet southeast from Laurens street so that according to the paper title of the parties the alley between the Gallagher lot and that of the plaintiff was in fact not quite eleven feet wide.

Both Gallagher and the plaintiff claimed title to their lots under the trustees of the Slingluff estate who also owned the bed of the eleven foot alley and gave to their grantees the right of way over it. On the assessment books of the Appeal Tax Court of Baltimore City ever since 1876 a lot known as No. 1638 Pennsylvania evenue and designated as a "vacant private alley" has been assessed as twelve feet six inches front by the description, to be hereafter stated in full, which includes the bed of the eleven foot alley and also the vacant strip of land in controversy lying within the plaintiff's paper title. The appellant's adjoining lot No. 1636 Pennsylvania avenue has been assessed on the same tax books ever since 1876 as being only 14 feet wide, although her paper title calls for a lot 15 feet 6 inches wide.

The Slingluff estate having fallen in arrear for the taxes on lot No. 1638 Pennsylvania avenue that lot was exposed for sale for their non-payment and sold at public sale by the collector to the appellee McConnell in the name of the appellee Mattingly. That sale was duly reported for ratification to the

Circuit Court and the present appellant Harriet L. Hill inter-
vened and filed exceptions to the sale and took testimony in
support of them and was heard by counsel, but her exceptions
were overruled and the sale was finally ratified by the Court.
She then took an appeal, from the order of ratification, to this
Court and was heard here and we affirmed the decree ratify-
ing the sale. That appeal appeared upon the October Docket
1906 of this Court under the title of *Harriet L. Hill* v. *Henry*
*Williams, Collector*, 104 Md. 595, and was decided by us on
December 20th, 1906. As Mrs. Hill could have raised in
objection to that sale the matters upon which she founds her
present bill she is concluded by that decree; and if upon a
proper construction of the description of the lot sold for non-
payment of taxes it is found to embrace the strip of land now
in controversy she is estopped from maintaining her present
suit. It appears from the record that before the exceptions
to the tax sale were heard her counsel had been informed by
her husband that she claimed some land on the north side of
her house No. 1636.

Ordinarily and as against persons not parties to the pro-
ceedings for the ratification by a Court of equity of a sale of
land for non-payment of taxes, the effect of the ratification of
the sale is merely to establish a *prima facie* title to the land in
the purchaser and to put upon any party assailing his title the
burden of proof of the irregularity of the sale or its ratifica-
tion: *Guisebert* v. *Etchison*, 51 Md. 478; *Stewart* v. *Meyer*,
54 Md. 476; *Carter* v. *Woolfork*, 71 Md. 288; *Textor* v. *Ship-*
*ley*, 86 Md. 440; *Young* v. *Ward*, 88 Md. 420.

When however, a party claiming to be the true owner of
land sold for taxes voluntarily comes into the Court of equity
to which the sale has been reported and becomes a party to
the proceeding by excepting to its ratification and is heard in
support of his exceptions and then appeals from the decree
overruling his exceptions and ratifying the sale, he by his own
conduct brings himself and his claims within the operation of
the principle of *res adjudicata* and is concluded by the result
of his appeal. It is well settled that the principle of *res adju-*

*dicata* extends not only to the matters which were decided in the former suit but also to those grounds of recovery or defense which might have been but were not there presented. *State* v. *Brown & A. & E. R. R. Co.*, 64 Md. 204; *Trayhern* v. *Coulburn*, 66 Md. 277; *Albert* v. *Hamilton*, 76 Md. 304; *Barrick* v. *Horner*, 78 Md. 258; *Canal Co.'s case*, 83 Md. 637.

The description by which the lot now under consideration was sold for non-payment of taxes was as follows:

"Lot No. 2431 (1638 Pennsylvania avenue), beginning on the southwest side of Pennsylvania avenue 86 8-12 feet southeasterly from Sewell street and at the southeast outline of a lot (owner unknown); thence southwesterly along said lot 87 feet; thence southeasterly 12 6-12 feet to a lot (owner unknown); thence northeasterly along said lot 87 feet to Pennsylvania avenue, and thence northwesterly along said avenue 12 6-12 feet to the beginning. A vacant lot No. 1638."

It appears from a plat offered in evidence by the appellant in the Court below, as explained by her witness E. V. Coonan, the surveyor who prepared the plat from actual survey, that the point of beginning in the above description coincides with the southernmost corner of Gallagher's lot. If therefore the courses and distances of the description are to control, the lot sold included the strip of land in question in this suit and the appellant is as we have already said concluded by the sale. But she contends that, inasmuch as the description uses the lines of the lots adjoining the alley on its two sides as calls, those lines must be held to control the courses and distances and, as her lot adjoins the alley on the southeast, the description cannot be construed to cross her line and include any portion of her lot.

It is a familiar proposition in the construction of deeds and similar instruments that a fixed and permanent object called for in the description of the land conveyed controls the courses and distances used therein. The reason for this is simply because the fixed object called for affords a more certain means of locating the land granted than the courses and distances. In applying this principle it has been repeatedly

held that the line of an adjacent tract of land if known and established at the time of the execution of the deed may as well be a call in the deed as a natural object.   *Carroll* v. *Norwood*, 5 H. & J. 155; *Pennington* v. *Bordley*, 4 H. & J. 450; *Heck* v. *Remka*, 47 Md. 75; *Brown* v. *House*, 116 N. C. 864. When the line of an adjoining tract of land is used as a call in a conveyance the tract whose line is so used may be designated in the deed by any form of expression definitely indicating its identity, such as the name by which it is commonly known or the name of its owner or its former owner, or by stating the place upon the public records where a deed conveying it may be found.   But a call in a deed for an adjoining lot by a designation so vague and uncertain as to be incapable of definite ascertainment will not control the courses and distances used in the instrument. *Budd* v. *Brooks*, 3 Gill, 223; 5 *Cyc.*, 925–6; *Day* v. *Wilder*, 47 Vt. 583; 4 *Am. & Eng. Ency.*, 784–5.

The designation of "*a lot owner unknown*" as the southeast boundary in the description of the lot No. 1638 Pennsylvania avenue in the tax sale proceedings, was in our judgment altogether too vague and uncertain to control the courses and distances employed in the same description.   If that designation was intended to indicate the adjoining lot on the southeast laid down on the assessment book of the Appeal Tax Court as No. 1636 Pennsylvania avenue, the courses and distances agree with the location of the line called for.   If on the other hand by the expression "*a lot owner unknown*" it was intended to designate Mrs. Hill's lot, on part of which the house No. 1636 stands, the call would not harmonize with the courses and distances.   There is nothing in the description to make it certain which one if either of those two lots was intended to be called for.   Under these circumstances the courses and distance of the description must be held to control the indefinite call for its southeast side and the lot sold for taxes must be treated as having a front of twelve feet six inches on the avenue with a depth of eighty-seven feet which would make it include the narrow strip of land claimed by the appellant.

The conclusion which we have thus reached is fatal to the appellant's case and requires us to affirm the decree appealed from.

*Decree affirmed with costs.*