# EDWIN M. WILMER, Trustee,

## vs.

# LIGHT STREET SAVINGS AND BUILDING ASSOCIATION OF BALTIMORE CITY, et al.

*Equity of Redemption—Conveyance to Mortgagee—Claimant Under Judgment—Bill for Accounting and to Redeem—Laches—Lis Pendens—Mortgagee in Possession.*

If a mortgagor's equity of redemption has an available value, a purchaser under a subsequent judgment lien has a material interest in its disposition, of which he cannot be deprived by a conveyance thereof from the mortgagor to the mortgagee in lieu of foreclosure. p. 277

In a suit by the purchaser of property under a judgment, against persons claiming under a prior mortgage to whom the mortgagor had conveyed the equity of redemption in lieu of foreclosure, for an accounting and redemption, *held* that such purchaser was not guilty of laches, the period since the rendition of the judgment having been almost continuously occupied by a series of active and strongly resisted efforts to enforce his claims against the property, the responsibility for considerable delays in the proceedings appearing to rest upon his adversaries, and he testifying that part of the delay was owing to his endeavors to effect a settlement out of court. p. 277

Where the nominal owner of a mortgagor's equity of redemption, in its answer filed in a suit to have such equity decreed to belong to the plaintiff's judgment debtor, offered to convey such equity to the plaintiff provided he would pay the mortgage and other charges, the plaintiff's failure to accept such offer *held,* under the circumstances, not to show laches on such plaintiff's part, for the purpose of a subsequent suit by him, as purchaser under such judgment, in which he sought an accounting and redemption as against the mortgagee, which had accepted a conveyance from such nominal owner after the filing of such answer, the mortgagee never having offered, but having definitely refused, to admit such plaintiff's right to a redemption or an accounting. p. 278

That a receiver, appointed in a suit to have an equity of redemption decreed to belong, not to its nominal owner, but to a judgment debtor of the plaintiff therein, never exercised the authority conferred by the decree, did not show laches on the part of such plaintiff, subsequently seeking, as purchaser under his judgment, an accounting and redemption from the mortgagee.                                    p. 279

A deed, executed by the nominal owner of an equity of redemption, to the mortgagee, in lieu of foreclosure, was subject to the lien of a suit, pending at the time of its execution, with notice of which the deed was made, to have the equity declared to be the property of the plaintiff's judgment debtor and so subject to the lien of the judgment.            p. 279

Transfers of title by a mortgagee, to whom the equity of redemption was conveyed in lieu of foreclosure, could not defeat the interest of a purchaser of such equity under a judgment subsequent to the mortgage, his interest validly existing and distinctly appearing of record.                    p. 279

Where, a mortgage being in default, the owner of the equity of redemption conveyed it to the mortgagee in lieu of foreclosure, if the mortgage lien was not extinguished by merger, the mortgagee should be treated, for the purpose of a suit for redemption by a purchaser of the equity under a subsequent judgment, as a mortgagee in possession after default.    p. 280

A mortgagee in possession is liable to account, as to any surplus value which the property may produce, with one having a valid interest in its application.                p. 280

*Decided April 25th, 1923.*

Appeal from the Circuit Court No. 2 of Baltimore City (DUKE BOND, J.).

Bill by Edwin M. Wilmer, trustee, against the Light Street Savings and Building Association of Baltimore City and others, for an accounting and redemption from a mortgage. From a decree for defendants, plaintiff appeals. Reversed.

The cause was submitted on briefs to Boyd, C. J., Briscoe, Thomas, Pattison, Urner, Stockbridge, Adkins, and Offutt, JJ.

*David Ash,* for the appellant.

*Frank Driscoll* and *C. Clem Graetzel,* for the appellees.

Urner, J., delivered the opinion of the Court.

A judgment for $311.40 was obtained by the appellant, in his individual capacity, against J. Frank Griffin on July 28, 1915. In an equity suit instituted by the appellant on August 6, 1915, it was decreed on September 21, 1917, that leasehold estates, of which the Griffin Real Estate and Construction Company was the ostensible owner in two improved lots of ground, one on Warner Street and the other on Columbia Avenue, in the City of Baltimore, were in reality owned equally by Griffin, the judgment debtor, and Elijah J. Bond, as tenants in common, and that the judgment was a lien on Griffin's undivided half interest in the two properties. Under execution on the judgment, issued on June 26, 1918, the interest of Griffin in the properties was purchased by the appellant, who received the sheriff's deed therefor on January 2, 1919.

At the time of the rendition of the judgment the Light Street Savings and Building Association of Baltimore City held a mortgage for $600 on the Warner Street property, executed by a predecessor in title of the Griffin Real Estate and Construction Company, and another for the same amount on the Columbia Avenue property executed in the name of that company as mortgager. Default had occurred with respect to both mortgages prior to the date of the judgment. While the equity suit to which we have referred was pending, and with actual knowledge of that fact, the Light Street Savings and Building Association, in lieu of the exercise of its right of foreclosure, accepted from the Griffin Real Estate and Construction Company a deed of the equity of redemption in the mortgaged premises. This conveyance was made on January

18, 1917. Subsequently, in August, 1918, the mortgagee conveyed the Warner Street property to Isaac Merowitz and the Columbia Avenue property to the Ridge Realty Company. In the deed from the mortgagor to the mortgagee, and in the conveyances from the latter to the grantees just mentioned, the considerations expressed were "the sum of five dollars and other good and valuable considerations." It may be inferred from the record that the mortgagee made no payment to the mortgagor for the conveyance of the equity of redemption in the two mortgaged leasehold estates, and that they were treated, for the purposes of that transaction, as being worth no more than the amount of the mortgage liens of approximately $1,200 to which they were subject. But a higher value is indicated by the fact that a mortgage for $2,200 given by Isaac Merowitz to the Savings and Loan Association on the Warner Street property, contemporaneously with the deed by which it was conveyed to him by the Light Street Savings and Building Association, recited that the proceeds of the loan secured by the mortgage were to be applied to the purchase price of the property.

In July, 1918, the appellant acquired by deed the half interest of his co-tenant, Elijah J. Bond, in the properties covered by the Light Street Savings and Building Association's mortgages. After receiving in January, 1919, the sheriff's deed for the interest of Griffin, the judgment debtor, a petition was filed by the appellant during the same month for a writ of possession to be directed against Isaac Merowitz and the Ridge Realty Company, as the grantees and actual occupants of the respective properties, and against the Savings and Loan Association as mortgagee of the one located on Warner Street. The application for the writ was contested, but was eventually granted by an order passed December 19. 1919. This order was reversed on appeal because of the superior right of possession which the Light Street Savings and Building Association had exercised, by reason of the defaults under its mortgages and by virtue of the deed to it from the

mortgagor, and which right it had transferred to its grantees. *Griffin* v. *Wilmer*, 136 Md. 623.

The decision on that appeal was rendered on June 17, 1920, and in September following the present appellant filed in the Circuit Court No. 2 of Baltimore City, a bill in equity against the Light Street Savings and Building Association, Isaac Merowitz, the Ridge Realty Company, and the Savings and Loan Association, for an accounting as to the amounts due on the mortgages antedating the judgment and deeds under which the appellant's interests are claimed, and for the redemption of the property in litigation upon the payment, which he offered to make, of the sums ascertained to be owing on those antecedent liens. After a demurrer to the bill of complaint had been sustained and the bill had been amended, the answers of the defendants were filed in the latter part of January, 1921. Upon petition of the defendants, on October 31, 1921, the case was removed to the Circuit Court of Baltimore City, where a decree was passed on November 19, 1921, dismissing the bill of complaint. This decree was reversed on appeal because there is no right of removal in equity cases, and the court to which the proceeding had been removed was, therefore, without jurisdiction to render the decision from which the appeal was entered. *Wilmer* v. *Light Street Savings and Building Association*, 141 Md. 238. The case was remanded to the Circuit Court No. 2 of Baltimore City. It was there brought to a final hearing which resulted in a decree dismissing the bill, and that decree is the occasion of the present appeal.

If the Light Street Savings and Building Association had foreclosed its mortgages instead of taking a deed of the equity of redemption from the mortgagor, and if a fund more than sufficient to satisfy the mortgagee's claims had been realized from a foreclosure sale, the appellant would clearly have had an interest in the question as to the proper disposition of the surplus. In that event his right to an accounting by the mortgagee as to the excess proceeds of sale would

probably not have been disputed. The question in which the appellant is practically and legitimately concerned is whether the properties had a value above the requirements of the mortgage debts when the conveyance was made to the mortgagee in lieu of foreclosure. If the equity of redemption in fact had an available value, the appellant had a material interest in its disposition of which he could not be deprived by the conveyance from the mortgagor to the mortgagee. The sale of the Warner Street property by the mortgagee to a purchaser who appears to have borrowed $2,200 to be used in the payment of the purchase price tends to show that the property was worth much more than the amount of the $600 mortgage debt and interest when the mortgagee took possession, unless the latter afterwards increased its value by improvements. But it is contended by the mortgagee that the question as to the amount derived by it from the mortgaged properties is one in which the appellant has no concern. The theory of this contention is that the appellant has been guilty of *laches,* which should prevent the granting of any of the relief sought in the pending suit.

The period of time which has elapsed since the rendition of the judgment in which the interest asserted by the appellant in part originated has been almost continuously occupied by a series of active and strongly resisted efforts to enforce his claims against the property involved in this litigation. There was an interval of nine months between two of the successive proceedings, but no change in the interests of the parties appears to have taken place during that period. The responsibility for considerable delays in the course of the proceedings is shown by the docket entries to rest upon the appellant's adversaries. According to his testimony much of the delay in the prosecution of the first equity suit was due to the fact that he was endeavoring to effect a settlement out of court. It does not seem to us that the rule as to *laches* should be applied because of such delays as those which occurred under the conditions shown by this record.

The appellee refers to an offer made by the Griffin Real Estate and Construction Company, in its answer filed in August, 1915, to the bill which successfully sought to have its apparent one-half interest in the Warner Street and Columbia Avenue properties, decreed to belong to J. Frank Griffin, the appellant's judgment debtor, subject to the mortgages of the Light Street Savings and Building Association. It was stated in the answer that the respondent would convey the equity of redemption to the appellant if he would pay the mortgage debts, ground rents, taxes, water rents, sewerage and other charges thereon, the amounts of which were specified. The attorney for the mortgagee testified that when the foreclosure of the mortgages was contemplated in 1916, and the offer was made by the mortgagor to convey the equity of redemption to the mortgagee, in lieu of a foreclosure sale, he investigated the title and found that the appellant's suit in equity was pending, but that no reply had been filed by him to the mortgagor's proposal in its answer to convey the property to him, if he would assume and pay the existing liens, and that the proffered conveyance to the mortgagee was consequently accepted. The appellant testified, without contradiction, that when the answer of the Griffin Real Estate and Construction Company was filed, containing the offer referred to, he wrote to the Light Street Savings and Building Association requesting an "exact statement" on the subject, but that he received no reply to his letter. Another reason, he said, for not accepting the nominal mortgagor's offer was that there were other judgments against J. Frank Griffin, one of the real owners of the equity of redemption, and he thought it advisable for that reason to proceed with the suit in equity. This conclusion was evidently based upon the theory that a grant to him by the mortgagor would be subordinate not only to the mortgages, but also to other existing liens. The mortgagee never offered, but definitely refused, to admit the appellant's right to a redemption or an accounting. The failure of the appellant to accept the mortgagor's offer is said to support

the charge of *laches,* but, under the circumstances, we do not regard it as having that effect.

The decree by which the judgment, in which the appellant's interest, in part, had its origin was declared to be a lien on the judgment debtor's estate in the mortgaged properties, also appointed a receiver to take charge of them and to collect the accruing rents. The receiver never exercised the authority which the decree conferred. Reference is made to this fact as another evidence of *laches* on the part of the appellant in the enforcement of his rights. But at the time of the receiver's appointment the mortgagee was in lawful possession of the mortgaged premises, and the receiver does not appear to have had any opportunity to administer the estate. Under such conditions his inaction affords no occasion to charge the appellant with *laches.*

When the judgment under which the appellant acquired his interest in the Warner Street property was rendered, the equity of redemption was owned by the judgment debtor, as determined in the equity proceeding instituted for the purpose of having the real ownership adjudicated and the lien of the judgment declared. The subsequent conveyance by the mortgagor to the mortgagee was made with actual notice of the suit in which the judgment lien was sought to be established. While the deed to the mortgagee of the equity of redemption was executed before the passage of the decree in the equity suit, it could not free the property from the lien which the pendency of the suit created. *Sanders* v. *McDonald,* 63 Md. 503. When the mortgagee conveyed the Warner Street property to Isaac Merowitz and the Columbia Avenue property to the Ridge Realty Company, the decree declaring the existence of the judgment lien on the undivided half interest of the judgment debtor in the equity of redemption had long been in force and the half interest of Elijah J. Bond in the equity of redemption in both properties had been conveyed to the appellant. The transfers of title which were made in disregard of the appellant's interest, validly existing

and distinctly appearing of record, should not be held to have had the effect of defeating the right which he has endeavored to enforce.

If the mortgage lien of the Light Street Savings and Building Association was not extinguished by merger, in consequence of the conveyance from the mortgagor, as it may be proper to conclude upon the principle stated in *Polk* v. *Reynolds,* 31 Md. 106, and *Felgner's Admrs.* v. *Slingluff,* 109 Md. 474, then the association must be treated, for the purposes of this case, as having held the properties in the character of mortgagee in possession after default. It had no right in that capacity to ignore the interests of a subsequent lienor in any surplus value which the mortgaged property might produce. There can be no doubt as to the liability of a mortgagee in possession to account as to such a surplus with one having a valid interest in its application. *Booth* v. *Balto. Steam Packet Co.,* 63 Md. 39; *Kent Building Co.* v. *Middleton,* 112 Md. 10. No adequate reason has been shown in the present case for relieving the mortgagee of that duty. It will, therefore, be necessary to remand the case in order that there may be an accounting to ascertain the amount derived by the Light Street Savings and Building Association from the properties of which it took possession after default under its mortgages, in order that any amount received by it in excess of its lien and proper expenses may be applied as the rights of the parties may require.

> *Decree reversed, with costs, and cause remanded.*

---

In overruling a motion for re-argument the Court filed the following memorandum by URNER, J.

In a motion for re-argument our attention is called to a misstatement of fact in the opinion delivered in this case. It is stated in the opinion that the mortgaged properties were apparently treated as worth no more than the amount of

the mortgage debts of approximately $1,200, for the purposes of the conveyance of the equity of redemption from the mortgagor to the mortgagee, but that a higher value was indicated by the recital, in a mortgage given by a subsequent grantee of the Warner Street property, that the $2,200 loan which it secured was to be applied to the payment of the price for which that property had been purchased. There was error in that statement. While in the copy of the last mentioned mortgage, as printed in the record, only the Warner Street property is described, it appears, upon a re-examination of the exhibit, that it was not a complete transcript of the mortgage and that other properties were thereby conveyed. But the statement thus found to be erroneous was not vital to the decision. The opinion did not refer to the amount of the later mortgage on the Warner Street property as definitely proving a value in excess of the sum secured by the earlier mortgage, with respect to which the appellant claims the equity of redemption, but simply as tending to show such a surplus value of the property "when the mortgagee took possession, unless the latter afterwards increased its value by improvements." That property is not the only one to which the appellant's claim applies. The point of the decision was that the appellant has a legitimate concern in the question whether "the properties had a value above the requirements of the mortgage debts when the conveyance was made to the mortgagee in lieu of foreclosure." The case was remanded for the purpose of having that question determined through an accounting which will disclose whether the amount received by the mortgagee from the properties was in excess of the mortgage liens and proper expenses. The motion for a re-argument is not supported by any reasons which we consider sufficient.

Filed June 26th, 1922.