# FRANK NOVAK REALTY COMPANY *v.* TRUSTEES OF THE ORPHANS' HOME ET AL.

*Adverse Possession—Under Devise to Charity.*

Although a devise of land to two charitable corporations was originally invalid for uncertainty, and as violating the rule against perpetuities, the open, notorious, adverse, exclusive, and continuous possession of the land by one of such corporations, and by a successor in interest of the other, for a period of forty-four years, gave them a valid title by adverse possession, entitling them to specific performance of a contract for the purchase from them to the land.                    pp. 391-393

Where a vendee refused to perform his contract of purchase by reason of objections to the vendors' title, it was proper, in decreeing specific performance in favor of the vendors, on the ground that the vendors had title by adverse possession, to charge the vendee with interest only from the date of such final decree.                    p. 393

*Decided June 10th, 1927.*

Appeal from the Circuit Court of Baltimore City (STUMP, J.).

Bill by the Trustees of the Orphans' Home in Baltimore City, and others, against the Frank Novak Realty Company. From a decree for plaintiffs, defendant appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Harry E. Parkhurst,* with whom was *John M. Requardt* on the brief, for the appellant.

*Thomas Foley Hisky,* with whom was *Thomas N. Copenhaver* on the brief, for the appellees.

PARKE, J., delivered the opinion of the Court.

This appeal is taken from a decree to enforce the specific performance of a contract for the purchase of a parcel of land sold by three corporations, known as the Trustees of the Orphans' Home in Batimore City, the Trustees of St. Patrick's School, Fells Point, in the City of Baltimore, the Board of Managers of the Dolan Children's Aid Society, the appellees, to the Frank Novak Realty Company, another corporation, the appellant. The refusal of the appellant to perform its contract was based on an alleged inability of the appellees to convey the property bought by a good and marketable title, and the soundness of this contention is the only question, which is presented on an agreed statement of facts authorizing any inferences of law or of fact rightfully to be drawn.

The land in question is the residue of a tract which was originally in Baltimore County, but which is now within the boundaries of Baltimore City, and which was bought early in June, 1869, by the Reverend James Dolan, a priest of the Roman Catholic Church, from the executors of the estate of William Claggett, for a price payable partly in cash and partly on credit terms. The sale was duly finally ratified and confirmed by the Orphans' Court of Baltimore City on July 20th, 1869, and a portion of the purchase money paid by the purchaser, who afterwards died testate, and the residue was paid in part by his executors, and in part by the proceeds of certain of his lands which were sold for that purpose. At the time of his death, the priest was the equitable owner of the land so bought, and when he died, on January 12th, 1870, unmarried, without descendants or other known heirs, he attempted to dispose of his interest in said tract of land by a gift of a one-third interest to the "Young Catholics' Friend Society," a body corporate, in trust but without power of sale, for the purpose of establishing a children's aid society; of another one-third interest to the Trustees of the Orphans' Home in Baltimore City in trust, but without power of sale, for the support of the

orphan boys and girls belonging to St. Patrick's Parish, Fells Point, whose parents had died within the limits of that parish, in some Catholic orphan asylum or school until twelve years of age and then to be bound or placed in good Catholic families; and of the remaining one-third to the Trustees of St. Patrick's School in the City of Baltimroe, for the purpose only of establishing a regular free school for boys and girls. In connection with another parcel of land, this will was before the Court in *Novak v. Orphans' Home* (1914), 123 Md. 161, and the devise of the one-third interest to the corporation known as the Trustees of St. Patrick's School in the City of Baltimore was there held valid, while the first of those above mentioned was declared void on the grounds of uncertainty and of contravening the rule against perpetuities, and the second was likewise found to be within the rule against creating a perpetuity. The result of this decision left the will valid as to an undivided one-third interest in the land here involved, but void as to the remaining undivided two-thirds.

It appears, however, that the Trustees of St. Patrick's School in the City of Baltimore was incorporated by an Act of the General Assembly on February 13th, 1846 (Acts of 1845, ch. 126; Acts of 1872, ch. 450); that the Trustees of the Orphans' Home in Baltimore City was likewise incorporated by chapter 382 of the Acts of 1860; and that, after the death of Father Dolan, and for the purpose of effecting his testamentary intention, the subsisting corporation, known as the Young Catholics' Friend Society, procured from the General Assembly of Maryland, by chapter 205 of the Acts of 1872, the incorporation of The Board of Managers of the Dolan Childrens' Aid Society, the third appellee here; and that, the terms of the sale having been fully complied with by the payment of the purchase price, Romonia G. W. Claggett, as the surviving executrix, conveyed, on May 8th, 1882, all of the land bought by Father Dolan unto the three named corporate appellees in fee simple. Upon the execution of this deed, the three appellees took actual possession of the land

so conveyed for their respective authorized corporate uses and purposes, enclosed it by substantial fencing, sold and conveyed a part thereof, and received and appropriated its proceeds, and, since the day of the execution of said deed, have been in the open, notorious, adverse, exclusive, and continuous possession of the property embraced in the contract of sale to the appellants for a period of over forty-four years before the beginning of these proceedings; letting the same and receiving the rentals, income, and proceeds thereof, and annually paying the taxes thereon, and for the repairs, as the absolute owners in fee without any dispute or claim made or established in conflict with a fee simple title in said three appellees as tenants in common. The appellees, therefore, upon the allegations of the bill of complaint and by the agreed statement of facts, have established a valid title by adverse possession, which is sufficient to have warranted the action of the chancellor in passing a decree for the specific enforcement of the contract for the sale of the property. *Novak v. Orphans' Home,* 123 Md. 162, 167, 168; *Zion Church v. Hilken,* 84 Md. 170, 171; *Gump v. Sibley,* 79 Md. 165-169, 172; *Dickerson v. Kirk,* 105 Md. 638; *Mills v. Zion Chapel,* 119 Md. 510; *American Colonization Society's Case,* 132 Md. 524; *Seloff v. Naidelsch,* 136 Md. 651; *Singer v. Wyman Memorial Assn.,* 138 Md. 398, 408; *Rydzewski v. Grace etc. Church,* 145 Md. 531, 532.

The action of the chancellor in allowing interest on the purchase price from the date of the final decree was sanctioned by this Court in *Mills v. Zion Chapel,* 119 Md. 510, 515, under circumstances similar to those on this record, and we see no occasion to depart from that precedent.

*Decree affirmed, with costs.*