CLAUDE M. PARKS ET AL. *v.* FRANK S. WELCH
ET AL.
[No. 44, April Term, 1938.]

*Decided May 26th, 1938.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, MITCHELL, SHEHAN, and JOHNSON, JJ.

*William J. Neale,* with whom were *Herbert E. Perkins* and *J. Leonard Townsend* on the brief, for the appellants.

BOND, C. J., delivered the opinion of the Court.

The appellants, vendors of a farm in Kent County to the appellee, Welch, under a written contract of sale, sued to compel the purchaser to perform the contract on his part. The vendors had agreed to convey a title in fee simple, free of all incumbrances, but it was found that the grandfather of the vendors, Rufus F. Parks, from whom they derived title as his devisees, had never received a deed for the property, and in the face of that condition the vendee declined to comply.

In addition to the vendee, all the heirs of the last owner of record, a James W. Ivens, now dead, were duly made parties defendant, and testimony produced showed without contradiction that Rufus F. Parks had taken possession of the farm as a purchaser in the year 1902, that he had held it openly and notoriously as owner ever since, until his death in 1924, and that the rights of ownership have since been continued by the devisees under his will, the appellants and their grandmother, now dead, that during the period since 1902 all taxes and other expenses of the farm have been paid by Rufus F. Parks and his devisees, the taxes having been assessed since 1905 in the name of Rufus F. Parks, that he had rented the farm to a series of tenants throughout the whole period mentioned, had enjoyed all the profits of the farming over and above the tenants' shares, and had built a house and a stable on the place; and no claim of right has been made on behalf of the record owner or anyone claiming under him. There is no present claim made against ownership by the appellants. This court then finds that adverse possession sufficient to support a title in the appellants exists, and that they would be entitled to a decree of specific performance, unless some other consideration should prevent. *Singer v. Wyman Memorial Assn.,* 138 Md. 398, 114 A. 50; *Novak Realty*

*Co. v. Orphans' Home,* 153 Md. 390, 138 A. 250; *Herbold v. Montebello Assn.,* 113 Md. 156, 77 A. 122.

The chancellor considered that a mortgage on the property held by this same Rufus F. Parks in 1897, as assignee, not released of record, and of which the chancellor had become aware in another proceeding, gave rise to a doubt of the existence of the unincumbered title in the appellants which they were undertaking to convey. And for that reason the decree of specific performance was refused, and the bill of complaint dismissed.

It is objected that the old mortgage, because not introduced in evidence, could not properly be allowed to interfere with the relief, but the objection may be left aside. Under the will of Rufus F. Parks, the appellants became, after the life estate in their grandmother and a trust now ended, owners of all the property of the grandfather, real and personal, and are the owners of the mortgage as well as of the equity, and therefore, even if the mortgage has not already been extinguished in the lifetime of their grandfather or since, the deed they stand ready to give now will extinguish it. A merger does not, of course, always result from ownership by the same persons of both a mortgage and the equity. It will or will not according to the intention of the holders. *Wilmer v. Savings & Bldg. Assn.,* 143 Md. 272, 280, 122 A. 129; *Felgner's Admrs. v. Slingluff,* 109 Md. 474, 71 A. 978; *Polk v. Reynolds,* 31 Md. 106. But when the holder agrees to convey a title in fee simple unincumbered, and delivers a deed for it, there can be no question of intention to make any merger necessary to that title. Then, if it was not done before, the holder does merge it. 2 *Jones, Mortgages* (8th Ed.) sec. 1086; Review of cases, 46 *A. L. R.* 322. This court concludes that no uncertainty in the title would arise from the existence of the mortgage as stated in the record.

After the decision below, the appellants, understanding that a defect had been found in the failure of their bill of complaint to pray some relief against the heirs of the title holder on the records, filed a petition for leave

to amend the bill by adding a prayer for an injunction against their interference, as to remove a cloud on the title. The leave was refused. It does not appear, however, that the proceedings were found deficient in this respect. All the heirs of Ivens, except one, were summoned and answered in this suit, and the one was duly made a party by publication; they are all bound by the result; and no specific action against them would be necessary to a decree of specific performance. *Hill v. McConnell*, 106 Md. 574, 577, 68 A. 199; *Dorsey v. Thompson*, 37 Md. 25; *Miller, Equity Procedure*, sec. 121; Code, art. 16, secs. 134 and 142.

> *Decree reversed and cause remanded for a decree in conformity with this opinion, the appellants to pay costs.*